IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–03511–PAB–KMT

DAVID DAWSON,

    Plaintiff,

v.

THE CONTINENTAL INSURANCE COMPANY,

    Defendant.

___

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
___

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on "Plaintiff's Motion for Leave to Amend His Complaint and Jury Demand." (Doc. No. 21 [Mot.], filed April 4, 2014.)  Defendant filed its response on April 25, 2014 (Doc. No. 25 [Resp.]), and Plaintiff filed his reply on May 12, 2014 (Doc. No. 26 [Reply]).  This matter is ripe for review and recommendation.

### BACKGROUND

    Plaintiff was severely burned while working on a military base in Iraq in 2007.  (Doc. No. 1 [Compl.], ¶5.)  The general circumstances of Plaintiff's injury—his employment and location at the time of injury—meant that his medical treatment would be covered by Defendant, the workers' compensation insurer for Plaintiff's employer at the time of injury.  (*Id.*, ¶5-6.)  In April 2010, after extensive medical treatment, Plaintiff and Defendant settled Plaintiff's worker's

compensation claim. (*Id.,* ¶7.) Thereafter, Plaintiff sued his former employer in Texas state court for negligence and secured a judgment in excess of $18 million. (Doc. No. 25-1 at 2.)

Citing provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") and alleged subrogation rights Defendant had obtained against any potential judgment in favor of Plaintiff in a civil suit against his former employer, Defendant then sued Plaintiff in two separate actions—one in Texas state court and one in federal court in the Northern District of Texas—for reimbursement of the medical payments made by Defendant. (Resp. at 3.)

Plaintiff then filed this case against Defendant, alleging breach of contract and statutory and common law bad faith. (*See* Compl.) Plaintiff now seeks leave to amend his original complaint, abandoning each of his original claims by replacing them with claims of abuse of process, malicious prosecution, and civil conspiracy. (*See* Doc. No.21-1 [Proposed Am. Compl.].) Defendant opposes Plaintiff's motion on the grounds that amendment would be futile because Plaintiff's proposed amendments fail to state a claim. (*See* Resp.)

## ANALYSIS

As a preliminary matter, even though the actions that underlie Plaintiff's claims took place in Texas, neither party addressed choice-of-law in its briefs. (*See* Proposed Am. Compl; *see also* Resp. and Reply.) Both parties simply cite to Colorado and Tenth Circuit law. *Id.* As such, this court will analyze Plaintiff's motion according to applicable Colorado law. *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999) ("Where the parties fail to raise the issue of choice of law, the Court need not raise the issue *sua sponte*, and the parties are deemed to have acquiesced in the application of the law of the forum.") (citing *Keles v. Yale Univ.*, 101 F.3d 108, No. 95-7600, 1996 WL 115329 (2d Cir. Mar. 14, 1996)).

The Federal Rules of Civil Procedure provide that "the court should freely give leave (to amend the pleadings) when justice so requires." Fed. R. Civ. P. 15(a); *see also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). Although the federal rules require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983). A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Id.*

### A. Abuse of Process

Plaintiff claims that Defendant's legal actions in the state court in Texas and the ongoing federal case in the Northern District of Texas constitute abuse of process. (Proposed Am. Compl. at 12.) In order to state an abuse of process claim, Plaintiff must allege: (1) an ulterior purpose for the use of a judicial proceeding; (2) willful use of that process for collateral advantage in an action outside the proper course of the proceeding; and (3) resulting damage. *Hertz v. Luzenac Group*, 576 F.3d 1103, 1117 (10th Cir. 2009).

Plaintiff alleges that the express purpose of the settlement that he and Defendant reached in April 2010 was to finalize any financial claims between the two parties and avoid further litigation. (Proposed Am. Compl. at 12.) Consequently, Defendant's state and federal suits in Texas amount to impermissible attempts to renegotiate the already-settled worker's compensation claim and dishonor the intent to avoid further litigation. (*Id.*) Plaintiff claims this

3

effort to extract money from Plaintiff is Defendant's "ulterior purpose." (*Id.*) Plaintiff asserts that he has incurred monetary and emotional damages as a result. (*Id.* at 13.)

Though Plaintiff may properly allege the first and third requirement for abuse of process—claiming that Defendant's actions have an ulterior purpose and have caused damage to Plaintiff—he fails to properly allege that Defendant has willfully used either case in Texas for "collateral advantage in an action outside the proper course" of either legal proceeding. (*See id.* at 12.) Use of a proceeding for "collateral advantage" usually takes the form of some sort of extortion where the plaintiff uses the threat of legal proceedings to extract property or money from the defendant. *Hertz*, 576 F.3d at 1117. Even if an ulterior motive underlies a plaintiff's case, there is no use of that process for "collateral advantage", and no abuse of process, if the plaintiff's actions are confined to the regular and legitimate function of the legal proceeding. *Id.* However, none of Plaintiff's allegations refer to an action on behalf of Defendant that falls outside the regular confines of a judicial proceeding. (Proposed Am. Compl. at 12-13.) Instead, Defendant has allegedly sought reimbursement of medical payments made on behalf of Plaintiff strictly *within* the confines of judicial proceedings. (*Id.*)

Plaintiff may be correct that Defendant's legal efforts to obtain reimbursement are not well-founded. Nonetheless, Defendant's alleged efforts are not "collateral" to the judicial process, but are instead "properly includable in the process itself." *Walker v. Van Laningham*, 148 P.3d 391, 394 (Colo. App. 2006). Because Plaintiff does not allege any action on the part of Defendant that falls outside the confines of the regular function of a legal proceeding, his claim for abuse of process fails as futile. *Foman v. Davis*, 371 U.S. at 182.

### B. Malicious Prosecution

In order to prevail on the ground of malicious prosecution, Plaintiff must show: (1) Defendant contributed to bringing a prior suit against Plaintiff; (2) the suit was resolved in Plaintiff's favor; (3) no probable caused existed for the suit; (4) Defendant showed malice in bringing suit; and (5) damages were incurred. *Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 503 (Colo. 2004). To support his malicious prosecution claim, Plaintiff alleges that both the ongoing case brought by Defendant in the Northern District of Texas and the state action in Texas where Defendant voluntarily dismissed its claims prior to trial are cases resolved in his favor and brought by Defendant maliciously. (Proposed Am. Compl. at 13-14.)

With respect to the federal case in the Northern District of Texas, Plaintiff's proposed amended complaint notes that that action was pending at the time he filed this motion. (Proposed Am. Compl. at 13.) Just as the term "resolved" implies, a pending action does not provide the basis for a claim of malicious prosecution. *Glasgow v. Eagle Pacific Ins. Co.*, 45 F.3d 1401, 1403 (10th Cir. 1995). For a proceeding to support a claim of malicious prosecution, the proceeding must be terminated. *Id.*

Continental Insurance Company's voluntary dismissal of its Texas state court case does not qualify as a proceeding resolved in Dawson's favor for the sake of a claim of malicious prosecution. The Texas state court case originally involved Dawson and another insurance company. Continental intervened, but eventually filed a "nonsuit", or a voluntary dismissal without prejudice, of its claims. (*See* Doc. No. 25-2.) This voluntary dismissal was entered and Continental exited the Texas state court case before the court made any ruling on the merits of Continental's claims. *See id.; also see Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 530 (5th

Cir. 2004). However, in order to support a claim of malicious prosecution, the action underlying Dawson's claim must have been adjudicated on the merits, *Hewitt v. Rice*, 154 P.3d 408, 415-416 (Colo. 2007), and a voluntary "nonsuit" does not qualify as an adjudication of the merits of a case. *Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 530 (5th Cir. 2004) (citing *KT Bolt Mfg. Co. v. Texas Elec. Coops., Inc.*, 837 S.W.2d 273 (Tex. App. 1992)); *see also Hewitt*, 154 P.3d at 410. Thus, neither of these suits was resolved in Plaintiff's favor at the time of the filing of this case or of the proposed amended complaint and, therefore, Plaintiff's proposed amended complaint fails to state a claim of malicious prosecution.

### C. Civil Conspiracy

Finally, Plaintiff alleges that Defendant has conspired to circumvent the settlement of Plaintiff's worker's compensation claims pursuant to 33 U.S.C. § 908(i). (Proposed Am. Compl. at 14.) In order to state a claim for civil conspiracy, Plaintiff must allege five elements: "(1) two or more persons, and for [the purpose of this claim] a corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Jet Courier Serv., Inc. v. Mulei,* 771 P.2d 486, 502 (Colo. 1989). The unlawful overt acts alleged by Plaintiff are Defendant's abuse of process and malicious prosecution. (Proposed Am. Compl. at 15.) As each of those predicate claims has failed due to insufficient allegations or lack of ripeness, Plaintiff's proposed civil conspiracy claim also fails. *See Walker*, 148 P.3d at 396.

### D. Subject Matter Jurisdiction

Furthermore, neither Plaintiff's malicious prosecution nor his civil conspiracy claim is ripe for filing to the extent either claim depends upon the resolution of the ongoing federal suit in

the Northern District of Texas.  In order for this court to have subject matter jurisdiction over Plaintiff's proposed claims, they must be ripe for judgment. *Blanchette v. Connecticut General Ins. Corporations*, 419 U.S. 102, 139-140 (1974).  The Tenth Circuit has noted that the "central focus [of a ripeness determination] is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (internal quotations omitted).  As noted above, Plaintiff's malicious prosecution and civil conspiracy claims speculate as to the outcome of the ongoing case in the Northern District of Texas; the instant claims will only be allowable if Plaintiff prevails in the case in the Northern District of Texas.  In light of the uncertain outcome of the case in the Northern District of Texas, Plaintiff's claims are not yet ripe, and this Court currently lacks sufficient subject matter jurisdiction.

Because each of Plaintiff's new claims either fails to sufficiently allege all necessary elements for each cause of action, lacks ripeness, or both, his amended complaint fails as futile. *Arkansas-Platte & Gulf Partnership v. Dow Chemical Co.*, 886 F.Supp. 762, 765-766 (D. Colo. 1995) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.") (citations omitted).  Therefore, the Court need not address Defendant's additional arguments.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiff's "Motion for Leave to Amend His Complaint and Jury Demand" (Doc. No. 21) be **DENIED**.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd day of July, 2014.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge