IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03511-PAB-KMT

DAVID DAWSON,

    Plaintiff,

v.

THE CONTINENTAL INSURANCE COMPANY,

    Defendant.

___

**ORDER**
___

    This matter is before the Court on the Motion to Dismiss [Docket No. 15] filed by defendant Continental Insurance Company.

    On December 30, 2013, plaintiff David Dawson filed the Complaint and Jury Demand (the "original complaint"). Docket No. 1. The complaint asserts claims against defendant for breach of contract, violation of Colo. Rev. Stat. § 10-3-1115 and § 10-3-1116, and violation of the covenant of good faith and fair dealing (collectively, the "original claims"). Docket No. 1 at 6. On February 28, 2014, defendant filed the present motion, arguing that plaintiff's claims are preempted by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, and the Defense Base Act Extension, 42 U.S.C. § 1651 *et seq.* Docket No. 15 at 1. After defendant filed its motion to dismiss, plaintiff filed a motion for leave to amend the complaint (the "motion to amend"), seeking to delete the original claims and replace them with "three new Claims for Relief, none of which are preempted . . . ." Docket No. 21 at 2. The

magistrate judge has issued a Recommendation [Docket No. 31] that plaintiff's motion for leave to amend be denied, and plaintiff has filed timely objections [Docket No. 33]. Plaintiff filed a response to defendant's motion to dismiss, arguing that, because his motion to amend seeks to remove the original claims, defendant's motion to dismiss should be denied as moot.   Docket No. 23 at 1.   Defendant argues that, because plaintiff has failed to respond to the arguments in its motion to dismiss, plaintiff has implicitly conceded that the original claims are preempted and therefore that plaintiff's original claims should be dismissed with prejudice.  Docket No. 24 at 2.

Given that plaintiff no longer wishes to pursue the three claims that are the subject of defendant's motion to dismiss, the Court finds that defendant's motion to dismiss is moot.  Because plaintiff seeks to withdraw the original claims by amendment pursuant to Fed. R. Civ. P. 15(a), the question of whether plaintiff's withdrawal of the original claims warrants dismissal of such claims with prejudice is best addressed in resolving plaintiff's motion for leave to amend.  *See Kent v. S. Star Cent. Gas Pipeline, Inc.*, 2008 WL 4489791, *1-*2 (D. Kan. Oct. 3, 2008) (finding that, where defendant failed to show that it would suffer actual legal prejudice, motion to amend should not be conditioned on dismissal of deleted claims with prejudice); *Bibbs v. Newman*, 997 F. Supp. 1174, 1177 (S.D. Ind. 1998) (citing 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1486 (3d ed. 2014) (recognizing court's power under Rule 15 to exercise discretion in imposing conditions on the allowance of a proposed amendment). For the foregoing reasons, it is

**ORDERED** that defendant's Motion to Dismiss [Docket No. 15] is **DENIED** as moot.

DATED September 24, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge