IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03511-PAB-KMT

DAVID DAWSON,

    Plaintiff,

v.

THE CONTINENTAL INSURANCE COMPANY,

    Defendant.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 31] (the "Recommendation") filed on July 23, 2014. The magistrate judge recommends that Plaintiff's Motion for Leave to Amend his Complaint and Jury Demand [Docket No. 21] filed by plaintiff David Dawson be denied. Docket No. 31 at 7. Plaintiff filed timely objections. Docket No. 33. Thus, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff. Fed. R. Civ. P. 72(b)(3).

## I. BACKGROUND

In 2007, plaintiff David Dawson was severely burned while working as a civilian contractor in Baghdad, Iraq. Docket No. 21-1 at 4-5, ¶ 13. After receiving treatment in Iraq and Germany, he was transferred to the University of Colorado Medical Center Burn Unit for ongoing care. *Id.* Plaintiff's employer, Stanley Baker Hill had a workers compensation insurance policy issued by defendant Continental Insurance Company.

*Id.* at 2, ¶ 3.  In April 2010, plaintiff, defendant, and Stanley Baker Hill settled plaintiff's

workers compensation claim pursuant to 33 U.S.C. § 908(i) ("§ 8(i)") and executed a

§ 8(i) settlement agreement (the "settlement").  *Id.* at 5, ¶ 15; *see also id.* at 19-26.

Plaintiff filed a lawsuit against the underlying tortfeasor, Fluor Intercontinental

Inc. ("Fluor"), in Texas state court (the "state case").  Docket No. 25-1 at 2.  According

to plaintiff's proposed amended complaint, defendant has on two occasions sought to

unlawfully claim a right of subrogation against plaintiff's recovery from Fluor, whereas

defendant contends that it asserts its subrogation rights in order to provide

reimbursement for medical expenses paid on plaintiff's behalf.  Docket No. 21-1 at 9-

11, ¶ 28-29, 31.  First, defendant and Aetna Life Insurance Company, of Hartford

Connecticut ("Aetna") intervened in the state case asserting their rights of subrogation

and reimbursement "pursuant to equitable as well [as] contractual rights pursuant to the

Group Coverage Plan."  Docket No. 21-1 at 31-33, 36-37.  On June 4, 2012, the jury in

the state case rendered a verdict in plaintiff's favor for more than $18 million.  Docket

No. 25-1 at 2.  It appears that Aetna assigned its claims in intervention to defendant,[1]

who, on October 14, 2013, voluntarily dismissed all claims in intervention (the "state

case claims").  Docket No. 25-2 at 2-4.

Second, on October 14, 2013, defendant filed a separate action against plaintiff

in the United States District Court for the Northern District of Texas (the "federal case"),

bringing a claim for reimbursement under the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C.§ 1132(a)(3) and, in the alternative, a claim for breach

---

[1]Plaintiff claims that this assignment was a "sham."  Docket No. 21-1 at 10, ¶ 30.

of contract (collectively, the "federal case claims"). Docket No. 21-1 at 60-63; *see also*

*Continental v. Dawson*, No. 13-cv-04150-M (N.D. Tex. 2013) (Docket No. 1). The

federal case remains pending. *See Continental*, No. 13-cv-04150-M (Docket No. 45

(setting hearing on motions for January 14, 2015)).

On December 30, 2013, plaintiff filed the Complaint and Jury Demand. Docket

No. 1. The complaint asserts claims against defendant for breach of contract, violation

of Colo. Rev. Stat. § 10-3-1115 and § 10-3-1116, and violation of the covenant of good

faith and fair dealing (collectively, the "existing claims"). Docket No. 1 at 6. On

February 28, 2014, defendant filed a motion to dismiss. Docket No. 15. On April 4,

2014, plaintiff filed the present motion to amend, seeking to delete all three existing

claims and add new claims against defendant and Aetna for abuse of process,

malicious prosecution, and civil conspiracy (collectively, the "proposed claims"). Docket

No. 21 at 2. Plaintiff attached to his motion to amend a proposed amended complaint.

Docket No. 21-1 at 1-16. On September 24, 2014, the Court denied defendant's

motion to dismiss as moot, noting that, "[b]ecause plaintiff seeks to withdraw the

original claims by amendment pursuant to Fed. R. Civ. P. 15(a), the question of whether

plaintiff's withdrawal of the original claims warrants dismissal of such claims with

prejudice is best addressed in resolving plaintiff's motion for leave to amend." Docket

No. 36 at 2.

Plaintiff's abuse of process and malicious prosecution claims allege that,

because the settlement between plaintiff and defendant waived defendant's right to

medical expenses reimbursement, defendant's actions in Texas to enforce its rights of

subrogation are improper. *Id.* at 12-13, ¶¶ 36, 38, 43. Plaintiff claims that the state

3

case has been resolved in its favor and that it is awaiting a ruling on the federal case.
*Id.* at 13-14, ¶ 44.  Plaintiff's civil conspiracy claim alleges that the object of the
conspiracy between defendant and Aetna was the recovery of more than $280,000
from plaintiff.  *Id.* at 14, ¶ 50.

## II. ANALYSIS

### A. Existing Claims

The Court first turns to plaintiff's request to withdraw his existing claims for relief.
In defendant's reply to its motion to dismiss, defendant asserted that, by failing to argue
otherwise, plaintiff had implicitly conceded that his existing claims were preempted such
that the existing claims should be dismissed with prejudice.  Docket No. 24 at 1-2.
Defendant's response to plaintiff's motion to amend, however, does not argue that
plaintiff's amendments should be conditioned on dismissal of the existing claims with
prejudice.  *See* Docket No. 25 at 1.  Given the fact that the existing claims did not
proceed past the motion to dismiss stage, defendant does not establish that it would be
prejudiced if plaintiff is permitted to unconditionally withdraw the existing claims.  *See
Kent v. S. Star Cent. Gas Pipeline, Inc.*, 2008 WL 4489791, *1-*2 (D. Kan. Oct. 3, 2008)
(finding that, where defendant failed to show that it would suffer actual legal prejudice,
motion to amend should not be conditioned on dismissal of deleted claims with
prejudice); *Bibbs v. Newman*, 997 F. Supp. 1174, 1177 (S.D. Ind. 1998) (citing 6
Charles Alan Wright et al., *Federal Practice and Procedure* § 1486 (2d ed. 1990)
(recognizing court's power under Rule 15 to exercise discretion in imposing conditions
on the allowance of a proposed amendment)).  Thus, the Court will grant plaintiff's

4

motion to amend to the extent he seeks to delete the existing claims.  Plaintiff's claims

for breach of contract, violation of Colo. Rev. Stat. § 10-3-1115 and § 10-3-1116, and

violation of the covenant of good faith and fair dealing will be dismissed without

prejudice.

### B.  Proposed Claims

The Recommendation concluded that plaintiff's proposed claims were subject to

dismissal and, as such, that the proposed amendments would be futile.  Docket No. 31

at 7.  Although Fed. R. Civ. P. 15 provides that leave to amend shall be freely given

when justice so requires, "a district court may refuse to allow amendment if it would be

futile." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).

Ordinarily, a court may deny a motion for leave to amend as futile when the proposed

amended complaint would be subject to dismissal for failure to state a claim.  *See id.*;

*Fields v. City of Tulsa*, 753 F.3d 1000, 1012-13 (10th Cir. 2014).  However, a court may

find that a proposed amended complaint is futile when it "would be subject to dismissal

for any reason, including that the amendment would not survive a motion for summary

judgment." *E.SPIRE Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204,

1211 (10th Cir. 2004).[2]

---

[2]In *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 561-62 (10th Cir. 1997), the Tenth Circuit upheld the district court's conclusion on the issue of futility, holding that plaintiff's proposed amended complaint both failed to state a claim and was subject to dismissal on summary judgment.  The Tenth Circuit held that, although the district court found that plaintiff's proposed amended complaint was likely subject to dismissal on summary judgment, that conclusion did not "convert the district court's analysis into a ruling on summary judgment.  It simply provided an alternative ground for application of the futility doctrine." *Id.*

### 1. Abuse of Process

Plaintiff objects to the Recommendation's conclusion that plaintiff failed to state an abuse of process claim. Docket No. 33 at 5. A claim for abuse of process lies where a party invokes legal proceedings, not for their intended purposes, but in an effort to obtain collateral results not available through the normal operation of legal proceedings. *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994).[3] Under Colorado law, a claim for abuse of process requires that plaintiff establish three elements: (1) an ulterior purpose for the use of a judicial proceeding; (2) the use of judicial proceedings which is not proper in the regular course of proceedings; and (3) resulting damages. *See Aztec Sound Corp. v. W. States Leasing Co.*, 510 P.2d 897, 899 (Colo. App. 1973).

The Court turns to the second, or "improper manner," element. The Recommendation concluded that plaintiff's proposed claim failed to establish the improper manner element, stating that "Defendant has allegedly sought reimbursement of medical payments made on behalf of Plaintiff strictly *within* the confines of judicial proceedings." Docket No. 31 at 4 (emphasis in original). The use of a legal proceeding in an improper manner is an essential element of an abuse of process claim and is determined objectively. *James H. Moore*, 892 P.2d at 373. Thus, although the litigant's motive may be important in determining whether there was an "ulterior purpose" for the

---

[3]As the Recommendation noted, the parties failed to address choice of law. Docket No. 31 at 2. However, because the parties cited to Colorado and Tenth Circuit law, the magistrate judge applied Colorado law. *Id.* Neither party objects to the magistrate judge's application of Colorado law, and the Court finds no compelling reason to apply the law of another jurisdiction.

use of the process, it still must be established that, viewed objectively, there was an improper use of the process. *James H. Moore*, 892 P.2d at 373. If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint, there is no abuse, even if the plaintiff had an ulterior motive in bringing the action. *Id*. Ordinarily, the improper manner element "takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1118 (10th Cir. 2009) (quotations omitted) (applying Colorado law). However, "when the process alleged to have been abused entails . . . the very filing of a lawsuit, . . . [t]he party asserting the abuse of process claim also has to show that the other party's claim is devoid of factual support or, if supportable in fact, [has] no cognizable basis in law." *Yadon v. Lowry*, 126 P.3d 332, 337 (Colo. App. 2005).

Plaintiff appears to argue both that defendant obtained a collateral advantage in bringing the state and federal cases and that the very act of filing the state claims and federal claims was an abuse of process. *See* Docket No. 33 at 5-6. The Court first turns to the question of whether plaintiff alleges that defendant used judicial proceedings in an improper manner to obtain a collateral advantage. Plaintiff alleges that defendant's "ulterior purpose" in the Texas cases "was to force Dawson to pay a sum, more than $280,000, not required by the Section 8(i) Settlement between the parties." Docket No. 21-1 at 12, ¶ 36. Plaintiff admits that the allegations in the proposed amended complaint conflate the improper purpose and improper manner elements, but argues that defendant's lawsuits for the reimbursement of medical

7

expenses is "an improper 'way' or 'means' of forcing Dawson to pay monies, which 'way' or 'means' was forever foreclosed by the Section 8(i) Settlement." Docket No. 33 at 6. However, if the state case and federal case remain "confined to [their] regular and legitimate function in relation to the cause of action stated in the complaint," then, by definition, defendant has not obtained an unlawful collateral advantage. *See Institute for Prof'l Dev. v. Regis Coll.*, 536 F. Supp. 632, 635 (D. Colo. 1982) (quotations omitted). Plaintiff's allegations assert that defendant violated the settlement by bringing the state and federal cases, but this is not, by itself, sufficient to show that defendant misused the judicial process. To the contrary, defendant's claims purport to seek reimbursement for medical expenditures pursuant to "equitable as well [as] contractual rights" and ERISA. Docket No. 21-1 at 37, 60. Plaintiff argues that the settlement will defeat defendant's claims, but does not otherwise establish that the relief defendant seeks in the state and federal cases, namely, reimbursement for medical expenses, was not properly invoked within the proceeding itself or contemplated by defendant's causes of action. *Cf. Walker v. Van Laningham*, 148 P.3d 391, 395 (Colo. App. 2006) (dismissing abuse of process claim based upon defendants' use of an animal control ordinance because, although defendants had an ulterior motive, they "took no further improper or coercive action to obtain a collateral advantage not properly included in the process itself"). Absent such a showing, plaintiff's allegation that defendant knowingly brought suit based upon an unfounded claim is insufficient to satisfy the improper manner element. *See Regis College*, 536 F. Supp. at 635. Plaintiff therefore fails to show that defendant prosecuted the state and federal actions in an improper manner by obtaining a collateral advantage.

Plaintiff cites *Yadon* in support of his argument that "the very filing of a lawsuit" can be "the process alleged to have been abused." Docket No. 33 at 5. The Court rejects plaintiff's argument. First, plaintiff's proposed amended complaint does not support plaintiff's argument that he seeks to hold defendant liable for the mere act of filing suit. Plaintiff's abuse of process claim is based upon defendant's efforts to force plaintiff "to pay a sum . . . not required by the Section 8(i) Settlement between the parties." Docket No. 21-1 at 12, ¶ 36. Plaintiff alleges that defendant's litigation has been "intentionally malicious and abusive," *id.* at 11-12, ¶ 34, but such allegations establish only that defendant brought suit with an improper purpose. *See Sterenbuch v. Goss*, 266 P.3d 428, 439 (Colo. App. 2011) (rejecting as insufficient allegations that counterclaim defendant brought counterclaims for purpose "other than to enforce any rights or claims" and to "harass, embarrass, damage, burden and wrongfully obtain monies from [counterclaim plaintiff]"). Thus, the abuse complained of does not appear to be the mere act of filing suit, but defendant's attempt to receive reimbursement, which, as discussed above, is not collateral to the state and federal cases. Plaintiff does not clearly argue otherwise.

Second, even if plaintiff's abuse of process claim were based upon the very act of filing suit, plaintiff fails to satisfy the additional showing required under *Yadon*. Plaintiff alleges that the settlement renders defendant's claims "devoid of all factual or legal support" or "shams," Docket No. 21-1 at 12, ¶ 37, but plaintiff does not support this argument with reference to the allegations contained within the state and federal cases' pleadings. Rather, plaintiff argues that, because the settlement was reached under 33 U.S.C. § 908(i), the settlement is subject to the jurisdictional restrictions of the

9

Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, and the

Defense Base Act Extension, 42 U.S.C. § 1651 *et seq.* Docket No. 33 at 3. In support

of his argument that the settlement provided that the parties would be free of further

litigation,[4] plaintiff cites *Cooper v. Int'l Offshore Servs, L.L.C.*, 390 F. App'x 347, 350-51

(5th Cir. 2010), where the court held that a party to a § 8(i)[5] settlement could not

challenge in district court the factual findings of a final compensation order and that

negligence claims against a party to the prior settlement agreement are barred by res

judicata.[6] Defendant responds that Aetna, who had an ERISA lien against plaintiff's

judgment in the underlying suit but was not a party to the § 8(i) settlement, assigned its

ERISA lien to defendant. Docket No. 25 at 3-4; Docket No. 34 at 3 n.1. Defendant

states that, shortly after being assigned Aetna's claims, it sought to intervene in the

state case and promptly filed a nonsuit. Docket No. 25 at 4. Defendant states that,

with respect to the federal case, it seeks only civil enforcement of Aetna's ERISA lien.

---

[4]The terms of the settlement indicate that defendant agreed to conditionally waive its lien rights. Docket No. 21-1 at 23. However, plaintiff claims that the settlement expressly includes the "right to be free of 'further litigation.'" Docket No. 33 at 4. Although plaintiff's objection does not cite a specific provision of the settlement containing such language, this appears to be a reference to the preamble to the proposed terms of settlement, which states: "The parties recognize that there are significant issues in dispute and wish to avoid the hazards, delays and costs of further litigation by an agreed settlement under § 8(i) of the Act." Docket No. 21-1 at 22.

[5]"A settlement reached under [33 U.S.C. § 908(i)] is commonly referred to as a Section 8(i) settlement." *Cooper*, 390 F. App'x at 348 n.1.

[6]Plaintiff also cites *Oceanic Butler, Inc. v. Nordahl*, 842 F.2d 773, 778 (5th Cir. 1988). The court in *Nordahl* considered the question of whether a party could withdraw from a § 8(i) settlement prior to the necessary administrative approval of the settlement. 842 F.2d at 778. Here, the § 8(i) settlement was administratively approved. Docket No. 21-1 at 18. Thus, *Nordahl* is not directly on point.

*Id.* Plaintiff does not squarely rebut defendant's assertions and, as a result, fails to establish that defendant's claims have no cognizable basis in law. *See generally* Docket No. 35. The settlement may provide plaintiff with a meritorious defense to defendant's claims. However, the Court is not persuaded that the settlement is, by itself, sufficient to show that defendant's state and federal claims are devoid of factual and legal support. *See Yadon*, 126 P.3d at 337. To the extent plaintiff bases his abuse of process claim on defendant's very act of filing the state and federal cases, plaintiff's claim is subject to dismissal.

Plaintiff cites *Aztec Sound Corp. v. Western States Leasing Co.*, 510 P.2d 897 (Colo. App. 1973), in support of his argument that the improper manner element is satisfied whenever a process is used to "recover monies not required by contract." Docket No. 33 at 5.[7] In *Aztec Sound*, defendant obtained a writ of replevin against plaintiff's business equipment alleging the value of the equipment to be $493. 510 P.2d at 899. Defendant threatened to take possession of plaintiff's equipment if plaintiff did not provide defendant with $1000. *Id.* Plaintiff believed that he could continue using his equipment only by providing defendant with that amount of money. *Id.* The court concluded that defendant utilized the writ of replevin not as a "means to regain the subject equipment, but as a way of forcing plaintiff to pay a sum not required by the contract between the parties." *Id.* Here, plaintiff argues that the settlement does not allow defendant to collect from plaintiff for medical benefits paid and therefore "forc[es]

---

[7]Plaintiff also cites *Yadon* in support of his argument. *Id.* at 4. However, the language plaintiff relies on from *Yadon* is a parenthetical reference to *Aztec Sound*. 126 P.3d at 337. Thus, the Court's analysis focuses on *Aztec Sound*.

plaintiff to pay a sum not required by the contract between the parties." Docket No. 33 at 6. *Aztec Sound* does not, as plaintiff suggests, hold that the improper manner element is satisfied by any judicial action to recover non-contractual damages. The defendant in *Aztec Sound* used the threat of replevin to extort money from defendant – an act that was plainly not contemplated by the replevin action itself. Here, as discussed above, plaintiff does not establish that defendant's attempt to recover $282,774.51 in the state and federal cases is collateral to those proceedings or is a "'a form of extortion.'" *Walker*, 148 P.3d at 394 (quoting *Palmer v. Tandem Mgmt. Servs., Inc.*, 505 N.W.2d 813, 817 (Iowa 1993)). *Aztec Sound* is therefore inapposite.

Plaintiff's citation to *James H. Moore* is also unpersuasive. The court in *James H. Moore* rejected an abuse of process claim, which was based upon defendant's filing of a notice of lis pendens. 892 P.2d at 374. Although the filing of such a notice may have rendered title to the property unmarketable, "that result came about because of the very nature of the notices, not from any improper use [of] them." *Id.* Here, any success defendant achieves in enforcing its right of subrogation would come from the nature of defendant's claims in the state and federal cases, not from an improper use of the process itself.

For the foregoing reasons, the Court finds that defendant's abuse of process claim is subject to dismissal.

### 2. *Malicious Prosecution*

Plaintiff objects to the Recommendation's conclusion that, with respect to his malicious prosecution claim, plaintiff failed to establish that defendant's voluntary

dismissal of the state case claims without prejudice functioned as termination of the case in plaintiff's favor.  Docket No. 33 at 9.  Under Colorado law, the plaintiff in a malicious prosecution action must establish that the underlying action brought by defendant against plaintiff ended in plaintiff's favor.  *Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 503-04 (Colo. 2004) ("favorable resolution of the prior action [i]s a necessary element"); *see also Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013) ("A malicious-prosecution claim is not cognizable until . . . the original action terminated in favor of the plaintiff.").  Whether the underlying claim was resolved in favor of the plaintiff is a question of law.  *Hewitt v. Rice*, 154 P.3d 408, 416 (Colo. 2007).

Plaintiff's complaint states that the state case "has been resolved in favor of Dawson," but plaintiff fails to support this allegation with specific facts or by reference to the exhibits attached to the proposed amended complaint.  Docket No. 21-1 at 13, ¶ 44.  Plaintiff's allegation is therefore conclusory and not entitled to the presumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  Defendant provides a copy of a filing from the state case, which is styled as "Intervenor's Notice of Nonsuit Without Prejudice," and states that, pursuant to Texas Rule of Civil Procedure 162,[8]

---

[8]Tex. R. Civ. P. 162 states:
At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes.  Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk.  A dismissal under this rule shall

"Continental hereby nonsuits its intervention and all of its causes of action in this lawsuit, without prejudice to refile." Docket No. 25-2.[9]

Plaintiff first argues that the magistrate judge improperly "resorted to Texas law to find that Continental's non-suited Texas state court action" was not terminated in plaintiff's favor. Docket No. 33 at 8. Defendant responds that the magistrate judge properly relied upon Texas law to interpret the effect of a nonsuit under Tex. R. Civ. P. 162 because Colorado law contains no nonsuit provision. Docket No. 34 at 6. The Court agrees with defendant. Under Texas law, the effect of a dismissal or non-suit under Rule 162 "is in no way an adjudication of the rights of the parties . . . and does not prejudice the parties against seeking the same relief in a subsequent suit." *KT Bolt Mfg. Co. v. Tex. Elec. Coops., Inc.*, 837 S.W.2d 273, 275 (Tex. App. 1992) (holding that malicious prosecution claim failed because voluntary nonsuit did not terminate underlying suit in plaintiff's favor). The question then becomes whether dismissal under such terms would, under Colorado law, constitute a favorable termination. The Colorado Supreme Court has not squarely addressed whether a defendant's voluntary dismissal of a prior action without prejudice satisfies the favorable termination element

---

have no effect on any motion for sanctions, attorneys' fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.

[9]Plaintiff does not suggest that it is improper for the Court to consider this document and the Court finds no basis for so concluding. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("the district court may consider documents referred to in the complaint" without converting a Fed. R. Civ P. 12(b)(6) motion into a motion for summary judgment "if the documents are central to the plaintiff's claim and the parties do not dispute the documents authenticity."); *see also Bauchman*, 132 F.3d at 561-62.

14

of a malicious prosecution claim, but has suggested that a malicious prosecution action "requires favorable termination *on the merits* of the claim." *See Hewitt v. Rice*, 154 P.3d 408, 416 (Colo. 2007) (emphasis added) (holding that settlement of claim underlying lis pendens action was insufficient to establish malicious prosecution action based upon the filing of a lis pendens). A nonsuit without prejudice filed under Tex. R. Civ. P. 162 is not an adjudication of the rights of the parties and is therefore not a termination on the merits of a claim. *KT Bolt*, 837 S.W.2d at 275.

Even if the Court were, as plaintiff suggests, to interpret defendant's nonsuit filing using only Colorado law, the result would be the same. Under Colorado law, "dismissal without prejudice means a dismissal not on the merits of the case." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (citing *Wistrand v. Leach Realty Co.*, 364 P.2d 396, 397 (Colo. 1961) (discussing *Rooker-Feldman* doctrine)); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (noting that Fed. R. Civ. P. 41 "makes clear that an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'"). Defendant's filing stated that its causes of action were nonsuitted "without prejudice to refile" and was not therefore a dismissal on the merits. Docket No. 25-2 at 2. Thus, plaintiff fails to establish that the state case claims terminated in plaintiff's favor.

Plaintiff relies on *Walford v. Blinder, Robinson & Co., Inc.*, 793 P.2d 620 (Colo. App. 1990), in support of his argument that defendant's claims in the state case terminated in his favor. Docket No. 33 at 8. In *Walford*, the prior actions forming plaintiff's malicious prosecution claim were resolved by arbitration, where the arbitration

board dismissed the underlying claims and the district court confirmed the arbitration award in plaintiff's favor. *Id.* at 624. The court concluded that the underlying claims terminated in plaintiff's favor because there was no indication that the "dismissals were not on the merits." *Id.* Here, defendant's claims in the state case were not dismissed on the merits. Thus, *Walford* is distinguishable.[10]

Plaintiff argues that, under the Restatement (Second) of Torts § 674, the withdrawal of proceedings by the person bringing them constitutes a termination in favor of the person against whom the claims were brought. Docket No. 33 at 8-9. In *Hewitt*, the Colorado Supreme Court cited favorably to comment j of Section 674 of the Restatement (Second) of Torts, which states, in relevant part,

> Civil proceedings may be terminated in favor of the person against whom they are brought . . . by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdraw of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them.
>
> . . . In determining the effect of withdrawal the same considerations are decisive as when criminal charges are withdrawn.

With respect to the withdrawal of criminal charges, "the abandonment of criminal proceedings is not a termination in favor of the accused if they were abandoned for the purpose of bringing other proceedings." Restatement (Second) of Torts § 660,

---

[10]*Walford* cites *Abbott v. United Venture Capital*, 718 F. Supp. 828 (D. Nev. 1989), for the proposition that "voluntary dismissal without prejudice may constitute a 'favorable termination.'" *Walford*, 793 P.2d at 624. However, the court in *Abbott* applied Nevada law in holding that a jury or factfinder must "determine whether the[] circumstances satisfy the favorable termination element." 718 F. Supp. at 834. The totality of the circumstances approach has been squarely rejected by the Colorado Supreme Court. *See Hewitt*, 154 P.3d at 416. Thus, *Abbot* is not persuasive authority.

comment g.  Here, defendant did not forfeit the right to refile its claims and defendant's

notice of nonsuit does not otherwise vindicate the merits of plaintiff's opposition to

defendant's claims.[11]  *See Allen v. City of Aurora*, 892 P.2d 333, 335 (Colo. App. 1994)

("In order to maintain an action for malicious prosecution, the criminal prosecution must

be disposed of in a way which indicates the innocence of the accused.").  Thus, the

Court is not persuaded that the Restatement compels a different result.

Although the Colorado Supreme Court has not decided the specific issue now

before the Court, plaintiff has failed to provide any basis for concluding that the

Colorado Supreme Court would view defendant's state case claims as having

terminated in plaintiff's favor.  As such, this aspect of plaintiff's malicious prosecution

claim is subject to dismissal.

The Court turns to the aspect of plaintiff's malicious prosecution claim which is

based upon the federal case.  Plaintiff admits that the federal case has not terminated

in his favor, Docket No. 33 at 9, an admission which is confirmed by a review of the

docket in the federal case.  *See Continental*, No. 13-cv-04150 (Docket No. 45 (setting

hearing on motions for January 14, 2015)).  Plaintiff suggests that this deficiency can be

cured by staying this case pending the outcome of the federal case and filed a motion

to that effect.  Docket No. 27.  The Recommendation concluded that, because the

outcome of the federal case is uncertain, "Plaintiff's claims are not yet ripe, and this

Court currently lacks sufficient subject matter jurisdiction."  Docket No. 31 at 7.  The

--------

[11]To the contrary, defendant filed the federal case on the same day that it
dismissed its claims in the state case, which indicates that it chose to abandon the state
case so as to pursue the federal case.

magistrate judge denied plaintiff's motion to stay in a separate order.  Docket No. 32.

Plaintiff did not file a separate objection to the magistrate judge's order denying his

motion to stay, but argues in the present objections that the magistrate judge failed to

properly consider his motion to stay.  Docket No. 33 at 9.

Absent an assurance that jurisdiction exists, a court may not proceed in a case.

See Cunningham v. BHP Petroleum Great Britain PLC, 427 F.3d 1238, 1245 (10th Cir.

2005).  Setting aside the question of whether plaintiff's objection to the order denying

his motion to stay is procedurally proper, plaintiff provides no assurance that the Court

has subject matter jurisdiction over the aspect of plaintiff's malicious prosecution claim

which is based upon the federal case.  The Court therefore lacks the power to stay

claims over which the Court does not have subject matter jurisdiction.  Plaintiff's

objection on this point is overruled.

### 3.  Civil Conspiracy

The Recommendation concluded that, because the predicate acts forming the

basis of plaintiff's proposed civil conspiracy claim "failed due to insufficient allegations

or lack of ripeness, Plaintiff's proposed civil conspiracy claim also fails."  Docket No. 31

at 6.  Plaintiff does not object to this aspect of the Recommendation.  In the absence of

a proper objection, the Court may review a magistrate judge's recommendation under

any standard it deems appropriate.  See Summers v. Utah, 927 F.2d 1165, 1167 (10th

Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("[i]t does not appear that

Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a de novo or any other standard, when neither party objects to those

findings").  The Court finds no clear error on the face of the record in this aspect of the

18

Recommendation.

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff's proposed claims are subject to dismissal, which renders plaintiff's proposed amendments futile. *See Full Life Hospice*, 709 F.3d at 1018.  It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 31] is **ACCEPTED**.  It is further

**ORDERED** that Plaintiff's Motion for Leave to Amend his Complaint and Jury Demand [Docket No. 21] is **GRANTED** in part and **DENIED** in part as indicated in this order.  It is further

**ORDERED** that plaintiff's claims for breach of contract, violation of Colo. Rev. Stat. § 10-3-1115 and § 10-3-1116, and violation of the covenant of good faith and fair dealing are **DISMISSED** without prejudice.  It is further

**ORDERED** that plaintiff's motion for leave to amend is **DENIED** without prejudice with respect to those aspects of plaintiff's proposed malicious prosecution and civil conspiracy claims over which the Court lacks subject matter jurisdiction.  It is further

**ORDERED** that plaintiff's motion for leave to amend is **DENIED** with prejudice in all other respects.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendant may have its costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is dismissed in its entirety.

DATED January 8, 2015.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge